IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA GRAYSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV- 1119-M-BK |
| | § | |
| DALLAS POLICE DEPARTMENT, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause is before the Court for a recommendation on *Defendant Texas Department of Public Safety's Motion to Dismiss* filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 11. For the reasons that follow, the motion should be **GRANTED**.

## I. PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against more than 20 Defendants in connection with their actions surrounding a protest Plaintiff attended in the aftermath of George Floyd's death. Doc. 3, *passim*. As relevant here, Plaintiff asserts claims against the Texas Department of Public Safety ("DPS") for alleged violations of her constitutional rights and seeks an award of monetary damages. Doc 3, *passim.* DPS now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction based on Eleventh Amendment immunity. Doc. 11 at 3-4.

## II. ANALYSIS

A district court must dismiss a case when the plaintiff fails to establish subject matter

jurisdiction. Fed. R. Civ. P. 12(b)(1). Sovereign immunity, as imparted by the Eleventh Amendment, deprives a court of jurisdiction. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) (citing *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996)). As such, claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and must be dismissed without prejudice. *Id.* Without question, DPS is a state agency shielded by Eleventh Amendment immunity from claims for monetary damages. *See Fontenot v. McCraw*, 777 F.3d 741, 755 (5th Cir. 2015) (holding that the plaintiffs' claims against a DPS official for monetary damages were barred by the Eleventh Amendment); *Reimer v. Smith*, 663 F.2d 1316, 1322-23 (5th Cir. 1981). Accordingly, Plaintiff's claims against DPS must be dismissed.

### III. Conclusion

For the foregoing reasons, *Defendant Texas Department of Public Safety's Motion to Dismiss*, Doc. 11, should be **GRANTED** and Plaintiff's claims against DPS should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on January 31, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F℮D. R. C℩V. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3