IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA GRAYSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV- 1119-M-BK |
| | § | |
| DALLAS POLICE DEPARTMENT, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, before the Court for findings and recommended dispositions are various Defendants' motions to dismiss⌷⌷⌷[1] ⌷; Doc. 8; Doc. 9; Doc. 36; Doc. 58. For the reasons that follow, the motions should be **GRANTED**.Doc. 7; Doc. 8; Doc. 9; Doc. 36; Doc. 58. For the reasons that follow, the motions should be **GRANTED**.

I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against more than 20 Defendants relating to their actions during a protest she attended in connection with the death of George Floyd. Doc. 3, *passim*. As relevant here, Plaintiff asserts claims against the City of Allen Police Department, University Park Police Department, Highland Park Police Department, Dallas County Sheriff's Office, Dallas Police Department, and Dallas City Marshal's Office. The latter five Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim based, in part, on their contention that they are non-jural entities and thus not subject to suit. Doc. 8 at 5-6; Doc. 9 at 5-6; Doc. 36 at 6-7; Doc. 58 at 4. While the City of Allen Police

---

[1] Defendant Dallas County Sheriff's Office also moves to quash Plaintiff's return of service, but the Court need not separately address this request for the reasons stated *infra*.

Department does not raise the issue, the Court nevertheless considers the applicability to it *sua sponte*. *See Searcy v. Dallas Police Dep't*, No. 3:01-CV-0687-P, 2001 WL 611169, at *2 (N.D. Tex. May 31, 2001) (Solis, J.).

## II. APPLICABLE LAW

A plaintiff fails to state a claim under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's "complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation and citation omitted).

## III. ANALYSIS

Federal courts in Texas have uniformly held that entities without a separate jural existence, such as municipal police departments, are not subject to suit. *See, e.g.*, *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *White v. City of Red Oak*, No. 3:13-CV-04477-P, 2015 WL 11023446, at *7 (N.D. Tex. Aug. 4, 2015) (Solis, P.); *Gordon v. Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 5531734, at *5 (N.D. Tex. Oct. 31, 2014) (Robinson, J.). Upon consideration, the Court thus concludes that Plaintiff's claims against the City of Allen Police Department, University Park Police Department, Highland Park Police Department, Dallas County Sheriff's Office, Dallas Police Department, and Dallas City Marshal's Office should be dismissed with prejudice. *Darby*, 939 F.2d at 313; *Jeffery v. Dallas Cty. Med. Exam.*, 37 F. Supp. 2d 525, 529 (N.D. Tex. 1999).

2

**IV. LEAVE TO AMEND**

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). However, leave to amend is not required when a plaintiff has already pled her "best case." *Id* at 768. As discussed herein, Plaintiff's claims against these Defendants are fatally infirm. However, it is not clear at this juncture that Plaintiff cannot state viable claims against suable entities. Moreover, Plaintiff has not previously amended her complaint and requests leave to do so. Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to file an amended complaint. *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986) (holding that dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

**V. CONCLUSION**

For the reasons set forth above, Defendants' respective *Motions to Dismiss* should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**. However, if Plaintiff fails to cure the deficiencies noted herein by filing an amended complaint within 14 days of the acceptance of this recommendation, upon Defendants' re-urging, Plaintiff's claims should be dismissed with prejudice.

**SO RECOMMENDED** on February 2, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).