IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAMELA GRAYSON, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:22-CV-1119-M-BK |
| § | |
| DALLAS POLICE DEPARTMENT, ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned for pretrial management. The Court now recommends that this action be **DISMISSED** as to several Defendants due to Plaintiff's failure to timely effect service of process on (1) the Department of Homeland Security ("DHS"); (2) the Federal Bureau of Investigation ("FBI"); (3) the Joint Terrorism Task Force ("JTTF"); (4) the United States National Guard ("USNG"); (5) the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE"); (6) former Dallas Police Chief Ulysha Renee Hall; and (7) Officers Victor Rocha, Melvin Williams, and Ryan Mabry plus John Doe officers 1-50.

### I. PROCEDURAL HISTORY

In May 2022, Plaintiff filed this *pro se* civil rights action against 19 Defendants, including various federal, county, and municipal entities and officers, as well as John Doe Officers 1-50. Doc. 3. Plaintiff's claims arise out of injuries she allegedly sustained during a protest, which took place in Dallas on or around June 1, 2020. Doc. 3 at 3. Plaintiff paid the Court's $402.00 filing fee and, as such, was responsible for obtaining and serving summonses

and copies of her complaint on each of the Defendants within 90 days as required by Rules 4(c)(1) and 4(m) of the Federal Rules of Civil Procedure. To that end, on May 20, 2022, summonses issued to, *inter alia*, (1) DHS; (2) FBI; (3) JTTF; (4) USNG; and (5) ATFE (collectively, the "Federal Defendants"). Doc. 5. The same day, the clerk issued summonses to Hall, Rocha, Williams, Mabry, and John Doe officers 1-50 (the "City Defendants"). Doc. 5. On August 5, 2022, Plaintiff filed purported proof of service as to DHS, FBI, and JTTF. Doc. 26; Doc. 27; Doc. 28. The return of service on DHS indicates that the certified mail receipt was signed on June 6, 2022, while the other two receipts are unsigned.

If a plaintiff does not serve a defendant within 90 days after the complaint is filed, the court must–after notice to the plaintiff–"dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Accordingly, when summonses had not timely been returned executed as to, *inter alia*, the USNG, ATFE, or the City Defendants, the Court ordered Plaintiff to complete service of process by September 16, 2022, or risk dismissal of her case against them without prejudice pursuant to Rule 4(m). Doc. 38. Shortly thereafter, Plaintiff filed purported returns of service for USNG, ATFE, and each of the City Defendants except Williams, whose return was unexecuted.[1] Doc. 42; Doc. 43; Doc. 45; Doc. 46; Doc. 47; Doc. 48; Doc. 62.

Upon review of each proof of service delineated above, however, it is apparent they are fatally flawed. Specifically, service on the Federal Defendants did not comply with Rule 4(i) of

---

[1] After Plaintiff sought default judgments against USNG and ATFE in November 2022, the United States Attorney's Office advised the Court that they had not been properly served. Doc. 70. Despite the Court granting two extensions at Plaintiff's request, to date, she has not effectuated service on USNG or ATFE. *See* Doc. 73 (setting deadline of December 1, 2022); Doc. 89 (setting deadline of February 10, 2023).

2

the Federal Rules of Civil Procedure, which governs service of process on the United States and its agencies, officers, and employees. FED. R. CIV. P. 4(i)(2) (requiring a party to serve the local United States Attorney and the Attorney General and send a copy of the summons and complaint to the agency by registered or certified mail). In particular, the returns of service indicate that the summonses were sent by certified mail to only the Federal Defendants' regional offices and to a USNG address in Arlington, Virginia. Doc. 26; Doc. 27; Doc. 28; Doc. 42; Doc. 43. There is no indication, however, that Plaintiff served the local United States Attorney or mailed the summonses and complaint to that office's civil process clerk or to the Attorney General.[2]

Service on the City Defendants was similarly flawed because Plaintiff did not comply with either Rule 4(e) or Texas service of process requirements. In particular, the returns are either unsigned, Doc. 45, or signed by an individual other than the Defendant, Docs. 46-48. *See* FED. R. CIV. P. 4(e) (providing that a person may be served by "(1) following state law for serving a summons"; (2) "delivering a copy of the summons and complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling . . . with someone of suitable age and discretion who resides there"; or (4) delivering a copy of each to an agent authorized to accept service); TEX. R. CIV. P. 106(a) (providing that a party can deliver the summons to the defendant in person or mail it to the defendant by registered or certified mail); TEX. R. CIV. P. 107(b)-(c) (detailing information required to be included with the return and providing that if service is made by mail, the process server must file the return receipt with the addressee's

---

[2] Even putting aside Plaintiff's failure to effect service of process on the Federal Defendants, the Court notes that they cannot be sued *eo nomine* absent explicit Congressional authorization. *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952); *see also Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) (holding that federal agency was not a suable entity).

signature).

On February 20, 2023, Plaintiff filed her *First Amended Complaint*, again naming the Federal and City Defendants, but did not request that the Clerk reissue summonses as to those parties. Doc. 92. The Court thus *sua sponte* granted a final extension for Plaintiff to fully comply with Rule 4 no later than May 8, 2023, and file the appropriate documents showing proper service. Doc. 103. The Court admonished Plaintiff that failing to comply with the order would result in the dismissal of this action against any Defendants on whom she failed to effect proper service. Doc. 103. To date, Plaintiff has not filed the required evidence of service for either the Federal or City Defendants.

## II. APPLICABLE LAW

As noted above, Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice. FED. R. CIV. P. 4(m). "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted). Actions, or the lack thereof, "that fall into the categories of inadvertence, mistake, or ignorance" of the law are not a sufficient showing. *Id.* at 646. The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

4

### III. ANALYSIS

Plaintiff's latest effort to serve the Federal and City Defendants was insufficient as described above. In addition, Plaintiff has not attempted to show good cause for failing to properly effect service even though this case has been pending for a year. *Kreimerman*, 22 F.3d at 645-46. At this point, the undersigned concludes that Plaintiff simply cannot or will not comply with the Court's orders and Rule 4's requirements. Because Plaintiff has had numerous opportunities to properly serve the Federal and City Defendants, has failed to show good cause for her failure to do so, and an additional extension of time is not warranted, dismissal of this case without prejudice as to the Federal and City Defendants is appropriate. *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted numerous extensions of time to do so).

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations would prevent a party from refiling their case. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Here, the actions underlying Plaintiff's complaint occurred in June 2020. Because the applicable two-year statute of limitations would bar Plaintiff's claims under 42 U.S.C. § 1983, dismissal of this action against the Federal and City Defendants without prejudice would have the same effect as a dismissal with prejudice. *See Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991) (applying Texas' two-year personal injury statute of limitations to section 1983 claim).

Courts still may dismiss an action for failure to comply with Rule 4(m) even if the dismissal is effectively with prejudice. *See Lozano v. Bosdet*, 693 F.3d 485, 489-90 (5th Cir. 2012). This is warranted where there is "a clear record of delay or contumacious conduct by the

plaintiff exists and a lesser sanction would not better serve the ends of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (citation omitted).  Additionally, there must generally be a showing that the delay "(1) was caused by the plaintiff [herself], as opposed to by counsel; (2) resulted in actual prejudice to the defendant[]; or (3) was caused by intentional conduct." *Lozano*, 693 F.3d at 490.  Moreover, the delay must be for "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Thrasher*, 709 F.3d at 513 (citation and quotations omitted).

As recounted above, the Court has given Plaintiff several opportunities to timely effect service of process on the Federal and City Defendants.  Plaintiff has impliedly ignored these directives and generally failed to comply with Rule 4.  Because Plaintiff is proceeding *pro se*, the delay caused by her intentional lack of compliance is attributable to her alone.  *Id.* at 514.  Moreover, given that the case already has been pending for a year, the Court finds that any further delay in effectuating service will result in actual prejudice to the Federal and City Defendants.  *Id.*; *see also Veazey v. Young's Yacht Sale & Serv., Inc*., 644 F.2d 475, 478 (5th Cir. 1981) (noting that delay between filing and service is particularly serious, because it deprives defendants of notice, and impacts their ability to prepare a defense).  In light of Plaintiff's apparent intentional failure to comply with Rule 4 and the Court's orders, the age of the case, and the prejudice to the Federal and City Defendants, the Court finds that no lesser remedy than dismissal will suffice.  *See Thrasher*, 709 F.3d at 513-14 (affirming dismissal of section 1983 action where the plaintiff did not attempt to effect service until four months after filing his complaint and only after being ordered to do so, the plaintiff's subsequent attempt at service was improper, and the plaintiff then missed a final extended service deadline and failed to timely respond to a motion to dismiss based on insufficient service); *see also Maxwell v. Swain*, 833

F.2d 1177, 1178 (5th Cir. 1987) (noting that "federal limitation periods are tolled from the date that a suit is filed as long as service is effected *within a reasonable time*.") (emphasis added). Because the Court's "warning of dismissal and grant of extensions accompanied by generous allotments of time did not influence [Plaintiff] to effect service properly," dismissal of this action against the Federal and City Defendants is appropriate.[3]  *Thrasher*, 709 F.3d at 514.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE** against: (1) the Department of Homeland Security ("DHS"); (2) the Federal Bureau of Investigation ("FBI"); (3) the Joint Terrorism Task Force ("JTTF"); (4) the United States National Guard ("USNG"); (5) the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE"); (6) former Dallas Police Chief Ulysha Renee Hall; and (7) Officers Victor Rocha, Melvin Williams, and Ryan Mabry plus John Doe officers 1-50, and they should be terminated as Defendants in this cause.

**SO RECOMMENDED** on June 2, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Dismissal of the Doe Defendants is separately warranted because Plaintiff did not provide any information by which their identities could be learned through discovery.  See *Thomas v. State*, 294 F. Supp. 3d 576, 619 (N.D. Tex. 2018), *adopted sub nom. by*, *Thomas v. Texas*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (Godbey, J.).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).